McBRIDE, Judge.
Riley brings suit for property damage and personal injuries growing out of a collision between his automobile and a taxicab driven by Trenticosta (insured by the other defendant) on the clear afternoon of October 2, 1963, and from a judgment dismissing his suit Riley has taken this appeal which presents but one issue and that is whether he was guilty of contributory negligence.
This is a shining example of one of those many intersectional accidents which should never have happened had either of the motorists involved exercised the slightest amount of caution. Riley’s own testimony brands him guilty of contributory negligence; he was driving in a downtown direction on North Front Street and endeavored to cross Iberville Street at a time when Trenticosta’s taxicab on Iberville Street, traveling toward the river, was just about to make an entry into the uncontrolled intersection; the crash took place midway thereof. Riley admits he first saw Trenti-costa’s cab 30 or 40 feet before it reached the intersection, and that he did not look for it again until he himself reached the intersection. The cab was then entering the intersection. Riley by virtue of a city ordinance had the directional right of way *358 in that the taxicab approached from his left, but this did not excuse his proceeding forward with impunity without taking the precautionary measure of ascertaining whether the taxicab would enter the intersection in his pathway. Calvert Fire Ins. Co. v. Indiana Lumbermens Mut. Ins. Co., La.App., 120 So.2d 665.
For the reasons assigned, the judgment is affirmed.
Affirmed.